Valentine's Estate

100

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William M. Boenning,* with him *Cyrus E. Woods,* for appellant.—The donee of the power of appointment has so exercised it by her will as to commingle the appointed estate with her individual estate, creating a common fund for all purposes: Hagen's Est., 285 Pa. 326.

That there can be a blending without a specific bequest of the appointed estate to the executors of the donee's estate, as was present in McCord's Estate, 2 Pa. D. & C. 5, is apparent from an examination of the decisions in Forney's Est., 280 Pa. 282; Twitchell's Est., 284 Pa. 135; Howell's Est., 4 Pa. D. & C. 526; Com. v. Morris, 287 Pa. 61; and Tobey's Estate, 10 Pa. D. & C. 228.

The extrinsic facts that the individual estate of Emily J. Valentine was at the time of the making her will, and at her death, insufficient to pay the contingent legacies given by her will, and that her will postdates the deed of trust by which such power was given, are controlling

facts in evidencing her intention to blend the two estates: Mitchell's Est., 7 Pa. D. & C. 387; Tobey's Est., 10 Pa. D. & C. 228; Winsor's Est., 11 Pa. D. & C. 423; South's Est., 248 Pa. 165.

*Albert B. Maris* of *White, Parry, Schnader & Maris,* for appellees.—The will involved in this case does not evidence an intent on the part of the testatrix to blend the appointed estate with her own for all purposes and the appointed estate is therefore not subject to inheritance tax: Hagen's Est., 285 Pa. 326; Terppe's Est., 224 Pa. 482.

Opinion by Mr. Chief Justice Moschzisker, May 13, 1929:

Testatrix died possessed of an individual estate and also of an estate over which she had power of appointment under a certain deed of trust; the court below, though divided in opinion, held that her will did not evidence an intention to blend the appointive estate with her own to such an extent as to subject the former to the Pennsylvania inheritance tax; the Commonwealth has appealed.

The will in question first directs the payment of all debts; and, since to this point no mention is made of the appointive estate, the direction means that such debts are to be paid out of testatrix's individual estate, unless the will in other parts shows a contrary intent, which the court below held it did not.

The next item reads as follows: "Second, All the rest, residue and remainder of my estate, real, personal and mixed of which I may die seized or possessed or which I may have in expectancy or remainder or over which I may have power of disposition by will, hereby expressly exercising any such power in me vested, I give, devise and bequeath in equal shares to my sisters, Jane H. Valentine, Mary D. Valentine and Sarah W. Valentine, and the survivors or survivor of them absolutely and in

fee simple." After this follows certain alternative bequests in case the beneficiaries already named should predecease the testatrix, which they did not..

We agree with the court below that there is nothing in the above quoted portion of the will, or in other parts of it, to show any intention other than that testatrix's debts should be paid out of her individual estate. The fact that, in the second item of the will, testatrix uses the phrase "my estate," and shortly thereafter exercises the power of appointment, can neither bring the prior, separate and independent provision for the payment of her debts directly into that item, nor, by implication, relate its payment to the funds there combined for residuary purposes. As used, the phrase in question is no more significant than if she had written, "my estate under the power of appointment vested in me I give," etc. The court below correctly decided that testatrix, in exercising the power of appointment, intended only that the estate thus disposed of should follow the same channels of distribution as marked out for her individual estate, and blended the two only to this extent and solely for this purpose; that, in view of the provision for the payment of debts, the will contained no sufficient evidence of a purpose to blend the two estates for all purposes; and that a blending to any extent less than this is insufficient to make the appointed estate liable to the tax here sought to be imposed.

Appellant directs attention to the circumstance that the third item of the will contains alternative dispositions which, if they had become effective, would have made the sum of the pecuniary legacies more than the total value of decedent's individual estate; but we agree with the prevailing opinion of the court below that, under all the circumstances of the present case, this merely indicates that the appointive estate was intended to be generally available for residuary purposes, and that this indication lacks significance, since the will itself leaves no doubt on that point. Testatrix directed

payment of her debts before dealing with the power of appointment, and the fact that the alternative dispositions mentioned in her will might have exceeded her individual estate would disclose no purpose to make the appointive estate subject to the payment of her debts; in the absence of such a showing, the latter estate was not made available for all purposes. Therefore no blending occurred of a character to render the estate in question liable to inheritance taxes as though it was part of decedent's individual estate. In the words of the hearing judge, "The burden is on the Commonwealth clearly to prove its right to the tax and if there [is a] doubt it should be resolved [against the State]."

In all of the cases decided by this court and relied on by appellant, where we held the appointive and the individual estates so blended as to create a general liability to inheritance taxes, the wills plainly showed a purpose to blend the several estates involved for all purposes, including the payment of decedent's debts. In the first of these cases, McCord's Estate, 276 Pa. 459, 462-3, the testatrix expressed an intention to dispose of all the property which she owned in her individual right and over which she possessed power of appointment; then she stated that this "entire" or combined estate should "be administered by [her] executors [to] carry out the provisions of [her] will"; next, she directed payment of her debts. We said that the testatrix had made the appointive estate "part of her own estate" and had thus distributed it to her legatees, who, for this reason, were liable to inheritance taxes as though they had taken directly from her. So with the other cases. In Forney's Estate, 280 Pa. 282, 284-6, the testatrix directed payment of her debts, and stated that "this direction shall include" the estate over which she had power of appointment. In Twitchell's Estate, 284 Pa. 135, 137, the testatrix first expressed an intention to deal with her own estate and one over which she had the right of appointment, and immediately thereafter directed pay-

ment of her debts. In the last of these cases, Commonwealth v. Morris, 287 Pa. 61, 63, testatrix said she intended to exercise a power of appointment and also to dispose of her own estate; then she directed payment of her debts. The report fails to note this last mentioned fact, which the will, as printed in the record, shows.

The hearing judge well states that, "the principle of McCord's Estate, 276 Pa. 459 [and followed in the above line of cases], is not to be stretched."

In Hagen's Estate, 285 Pa. 326, 329, where the testator disposed of his own possessions and of two other estates over which he had power of appointment, we, in effect, treated the absence of a testamentary provision for the payment of his debts as the equivalent of a direction to liquidate them out of decedent's individual estate, and the fixing of that source of payment as sufficient to prevent a blending such as would make the appointed estates,—disposed of in common with testator's own possessions,—subject to inheritance tax. Appellant attempts to distinguish the will in Hagen's Estate from the one in this case, but, despite some variation in the facts, our decision there governs here. We there said: "It was not the purpose of the testator to blend the appointive estates with his own for all purposes;......what he intended was that the appointive estates should follow the same channels of distribution which he designated for the residue of his [own] estate." This is equally true here, for no reasonably clear indication appears in the present will of an intention to combine the two estates into a common fund for all purposes; which is enough to sustain the decree under attack.

The decree is affirmed.