J. GILPIN HIGHFIELD, Register of Wills in and for New Castle County, in the State of Delaware, for the use of the State of Delaware, plaintiff below, plaintiff in error, *v.* DELAWARE TRUST COMPANY, a corporation of the State of Delaware, executor of the last Will and Testament of Annie Rogers du Pont, deceased, et al., GEORGE ZINN, MARION DU PONT SOMERVILLE, WILLIAM DU PONT, JR., ARTHUR C. HEMSLEY, WILLIAM H. DAWES, THEODORE B. ROGERS, 3RD, and GEORGE ZINN, JR., defendants below, defendants in error.

(*February* 27, 1930.)

WOLCOTT, Chancellor, RICE and RODNEY, J. J., sitting.

*William H. Foulk* for the Register of Wills.

*James H. Hughes, Jr.,* for the Delaware Trust Company, executor, et al., William du Pont, Jr., Marion du Pont Somerville, and Delaware Trust Company, guardian of Theodore B. Rogers, 3rd.

*David J. Reinhardt, Sr.,* for Arthur G. Hemsley and William H. Dawes.

*George W. Lilly* for George Zinn and George Zinn, Jr.

Supreme Court, No. 5, June Term, 1929.

WOLCOTT, Chancellor, delivering the opinion of the court:

This is an action by the plaintiff below, plaintiff in error, to recover for the use of the State of Delaware inheritance taxes in the total amount of $37,396.17 and an estate tax in the amount of $35,106.19, claimed to be due respectively from the beneficiaries under the will of Annie Rogers du Pont and from the estate of the said Annie Rogers du Pont.

Judgment was entered by the court below in favor of the defendants for costs, and this writ of error is brought to review the action of the court below in so entering judgment for the defendants below.

The action below was tried by the court on a case stated. The facts, agreed upon by the parties, are as follows:

Theodore Rogers, who died November 18, 1871, in and by his last will and testament created a trust of certain real and personal property having an estimated value of $257,230.44. This trust is called for convenience the "Rogers Trust." Its terms were, that

the trustee should pay the income to his daughter, Annie Rogers du Pont, during the term of her natural life and upon her death to hold the *corpus* to such uses as she by an instrument in the nature of a last will and testament might direct and appoint and in default of such appointment, etc.

William du Pont, the husband of Annie Rogers du Pont, on January 2, 1926, by deed of trust created what is called for convenience the "du Pont Trust" embracing property of an estimated value of $1,362,407.70. By the terms of this trust, the trustee was to pay the annual income to Annie Rogers du Pont for life and at her death to convey the *corpus* to such persons and in such manner as she should in her last will and testament direct, and in default of such appointment, etc.

Mrs. du Pont died January 22, 1927, leaving a last will and testament in which she directed and appointed the disposition of the *corpus* held by the trustee in both the "Rogers Trust" and the "du Pont Trust."

The plaintiff in error, plaintiff below, contended in the court below that inheritance taxes were due from the beneficiaries named by Mrs. du Pont as the appointees to receive the Rogers and du Pont trust estates. In this court, however, the plaintiff in error concedes that property transferred by power of appointment is not taxable under the Delaware Inheritance Tax Law as a part of the estate of the donee of the power, and accordingly has expressly abandoned its contention to the contrary made in the court below. We, therefore, pass to a consideration of the only other question which was raised below and is insisted upon here.

This question is, as put by the attorney for the plaintiff in error, the following: Is the property passing by appointment of Annie Rogers du Pont subject to the Delaware Estate Tax although not subject to the Delaware Inheritance Tax?

The Delaware Estate Tax was created by the act approved April 29, 1927, and is found in *chapter* 8, *volume* 35, *Laws of Delaware*. This act is in the form of an addition to the article of the code which deals with inheritance taxes. Its first paragraph pro-

vides that "in addition to the tax prescribed by Section 109 of this chapter [the inheritance tax], there shall be a tax to be known as 'Delaware Estate Tax' on the estate of every person dying after the twenty-sixth day of February, 1926, and who at the time of his death was a resident of the State of Delaware provided such estate is in the class of estates that are subject under the laws of the United States to a Federal estate tax." The act then proceeds to define the method of computing the estate tax which is as follows: An addition is to be made of all inheritance taxes due to the State of Delaware and of all estate, inheritance, legacy and succession taxes actually paid to any other state or territory or the District of Columbia in respect to any property owned by the decedent or subject to such taxes as a part of or in connection with his estate; the sum thus obtained is to be deducted from eighty per cent. of the Federal Estate Tax imposed under the laws of the United States on the estate of the decedent, and the remainder constitutes the Delaware Estate Tax imposed by the act. If the amount of the addition is equal to or greater than the said eighty per cent. of the Federal Estate Tax, then the estate of the decedent is declared by the act to be exempt from the Delaware Estate Tax.

Having thus defined the tax and the method of its calculation, the act then proceeds to provide certain administrative features and to provide certain duties, rights and remedies relating to its payment and collection.

The manifest purpose of this act is to enable the state to take advantage of the credit which the Federal Government allows on account of the Federal Estate Tax imposed by it. That credit is provided for by 26 *U. S. C. A.* § 1093, which is as follows:

"The tax imposed by section 1092, of this title shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect to any property included in the gross estate. The credit allowed by this section shall not exceed 80 per centum of the tax imposed by section 1092 of this title, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 1096 of this title."

Under the Federal Act appointive estates are taxable as a part of the estate of the donee of the power of appointment. *26 U. S.*

*C. A.* § 1094. The property passing by the power of appointment which Mrs. du Pont exercised over the Rogers and du Pont trusts, is, therefore, taxable by the Federal Government as a part of her estate. This is by reason of the express definition by the Federal statute of what constitutes taxable estates.

In Delaware, however, we have no statutory definition of estates for taxable purposes which embraces within its terms appointive estates. If such estates are to be considered as the property of the person who exercises the power, they must, therefore, be so solely because of some rule of general law applicable to property rights. That no such rule exists is clearly demonstrated by the court below and conceded by the plaintiff in error. So that it follows that in this state, there being no statutory provision to the contrary, the trust property over which Mrs. du Pont exercised a power of appointment did not compose any portion of her estate.

If the appointive estates be eliminated as composing a portion of her estate, as they must under the Delaware law, she died insolvent, for, while she left some property, yet it was insufficient to pay her debts and administration expenses. No property of which she was seized in her own right passed to any beneficiary under her will.

This interesting question, therefore, arises—Has the State of Delaware, by its estate tax law, imposed a tax upon an estate which from its point of view contains no net value, simply by reason of the fact that in the Federal conception the estate has a net taxable value upon which Federal taxes in the amount of $89,643.18 must be paid and upon which the Federal government is willing to allow a credit of eighty per centum if state estate, inheritance, legacy or succession taxes in that amount have actually been paid?

Of course, it is immaterial to the appointed beneficiaries under the trust, how this question is answered, for whether the entire amount of the Federal tax be paid to the Federal government or whether twenty per centum thereof be paid to that government and the remaining eighty to the state, means neither a saving nor a loss to those who bear the burden of its payment. The question, therefore, is of interest solely to the state and the Federal government.

The plaintiff in error argues that the tax is imposed by the terms of the act on the "estate" of a decedent, that it is not based upon the value of such estate, that it is designed for the ostensible purpose of obtaining for the state the benefit of the Federal credit allowed on Federal taxes, that this purpose has no relation to the kind of property taxable under state law, and that, therefore, where there is an estate as here, even though an insolvent one, the state estate tax is nevertheless due from it, notwithstanding that that which creates the estate under the Federal law and upon which the Federal tax is assessed (viz., the appointive estates) constitutes no part of the estate under the Delaware law.

This argument is more plausible than persuasive. It is to be noted that the Federal act does not assume to grant to the states any such thing as a share or participation in its estate tax collections. It does not provide for instance that out of an estate tax collected by it, eighty per centum thereof shall be remitted to the state of the decedent's residence. It provides only for a credit on the Federal tax to the extent of estate, inheritance, legacy or succession taxes actually paid to a state. The benefit which the Federal plan affords to the state consists solely in this, that they are afforded an opportunity to divert into their own treasuries, without additional burden to taxpayers, money which otherwise would be exacted by Federal authority.

In order for a state to participate in such a plan, it is necessary for such state to impose the additional tax. No one would contend that the Federal government could impose such tax for it. The credit, in order to be obtainable, must, therefore, arise from a state enactment which creates a tax solely as a state revenue measure.

The question here then is, has the State of Delaware by its Estate Tax Law imposed for itself the additional tax on estates of the character disposed of by Mrs. du Pont under the powers of appointment exercised by her?

The state estate tax is not a tax on property. It is an excise tax imposed on the right of a deceased person to transmit property. *In re Knowles' Estate*, 295 *Pa.* 571, 145 *A.* 797, 63

*A. L. R.* 1086; *Hagood v. Doughton,* 195 *N. C.* 811, 143 *S. E.* 841; *Brown v. State,* (*Mo. Sup.*) 19 *S. W.* (2d) 12. If the "estate" of Mrs. du Pont as the Delaware law knows it, that is to say without inclusion of the appointive estates, be liable under the Delaware act for eighty per centum ($71,502.36) of the Federal estate tax, then the excise tax imposed by that act confiscates the entire estate. Indeed, there is no net estate according to Delaware law out of which to pay a dollar of the tax.

We hold that the word "estate" when used in the Delaware Estate Tax Law upon which the tax in question is imposed, embraces only property which passes under Delaware law in due course of administration or under the law of descent and wills as the property of a decedent, and that liability for the tax arises, and the tax is collectible, out of such property only. The subsequent provisions of the act indicate this to be so. Those provisions are that the executor or administrator shall pay the full estate tax out of any moneys belonging to the estate in his hands, and if no sufficient moneys are in hand, he is given the same power for the raising of funds for the payment of the tax as in the case of raising funds for the payment of a decedent's debts generally, which means, of course, that he may prefer a petition to the Orphans' Court for the sale of the lands of the deceased; and if lands are sold for the purpose, provision is made for the obtaining of equitable contribution by the persons entitled to the land from any other persons who have received other property of the decedent which was subject to equal or prior liability for the payment of the tax. The act further subjects executors and administrators to a personal liability for the payment of the tax, a provision which strongly indicates that the tax is due only to the extent of the decedent's assets as they are listed, so to speak, by Delaware law.

The Delaware act being as it is, it is impossible for us to see how an estate is taxable under it when the property which occasions the tax is not the property under the Delaware law of the decedent and has never been transmitted as such to the decedent's executors, administrators, heirs or legatees.

We are not aided in the construction of the statute by the suggestion that in this case none of the parties who are to receive the beneficial interests in the two trusts, can be harmed by a result which gives to the state eighty per centum of the tax which must be paid out of the trust principals to either one jurisdiction or the other. If as a result of reversal, judgments below were to be entered against the executor, where would the funds come from with which to satisfy them? From the trust estates? That cannot be, because the Delaware law has never subjected such estates to such liability. The executor does not have custody or control over them. The statute directs from what source the estate tax is to be paid. As before stated, that source is the estate of the decedent, which consists of the decedent's personal property in the hands of the executor or administrator, or the decedent's lands in the possession of his heirs or devisees, in neither of which categories do the trust estates in question fall. To permit of judgments against the executor in such a case as this, would necessarily establish the principle of liability. In order to illustrate the injustice upon which such a principle would rest, let us imagine that Mrs. du Pont had died differently circumstanced financially.

Let us suppose that, instead of dying insolvent, she had left an estate of a net value of $70,000, consisting of property in her own right, and had also disposed of the appointive estates under the Rogers and du Pont trusts which, according to the agreed statement of facts, had an aggregate value at the time of her death of $1,-619,648.14—what would be the result if the contentions of the plaintiff in error be accepted as the law? According to that contention the executor would be required to pay an estate tax equal to eighty per centum of the Federal tax, that is to say $71,502.36 less inheritance taxes which we will say amounted to $2,000 for purposes of illustration. In other words, the executor would be required to pay as a Delaware estate tax about $70,000. Now to what property under the Delaware law must he resort for the payment of that sum? The act is clear in its answer to that question. He must resort to the property which constitutes the decedent's estate. It is conceded that the $1,619,648.14 of assets in the trusts are un-

der the Delaware law no part of the decedent's property. Those trusts are not in the executor's possession. He has absolutely no rights in them. Both the legal and equitable title to the property composing them, are lodged in others. The state estate tax which according to the contention of the plaintiff in error, the executor must pay, is occasioned by the existence of these trust funds which are in no sense within the field of his administration. Yet, if the plaintiff in error be correct in his contention, the executor must pay out of the decedent's property. And so, he would be required to use the entire $70,000 constituting the whole of the decedent's supposed estate to pay the tax. Now having done that, the Delaware act supplies no method by which those who obtained the property that occasioned the tax, viz., Mrs. du Pont's appointees under the trusts, could be made to bear their equitable share of the burden, as the statute contemplates they should, for the Delaware law nowhere recognizes property subject to a power as the property of the donee of the power and, therefore, supplies no method by which it can be reached. The result would be that the intended recipients of Mrs. du Pont's own property would find themselves stripped of it in order to pay a tax which in the last analysis is imposed on the right of others to succeed to property constituting another and distinct estate. The Delaware Estate Tax Law and the Federal act, though emanating from distinct sovereignties, in the contemplation of the Delaware act are nevertheless parts of one taxation plan and are supposed to dovetail into each other. If this be so, there comes a time in the operation of the plan, when a receipt for taxes paid to the state will be produced to the Federal officials and a tax credit obtained on the basis thereof. A credit in whose favor? In favor, of course, of the person liable for the Federal tax. In this case such tax would come out of the trust estate, whether the return be filed by the executor or by the trustees. If the receipt from the state showing the payment of the $70,000 in the supposed case by the executor were accepted by the Federal authorities, then the trust estates would obtain a credit in that amount. Thus Mrs. du Pont's personal estate would on analysis all be applied towards payment of a tax due from estates other than her own, and her own

beneficiaries would be stripped of their benefactions in order to discharge the obligations that rest upon others.

This result would be so repugnant to all sense of justice as to be shocking. The case we have supposed is by no means a far-fetched one, for one that approximates it may quite conceivably arise if the contention presented by the plaintiff in error be accepted.

The Delaware act instead of being so worded as to admit the lurking presence of such a case within its language, by its clear implication rejects the thought of it.

It is to be further observed that if the plaintiff below should be allowed to recover judgment against the executor, the judgment would be conclusive on the executor's liability. As before observed, the executor has not and never has had any property in its hands with which to pay any part of the tax. Yet the liability for it being fixed by the judgment, the executor would stand personally responsible under the act for its payment. The statute expressly so provides. This circumstance as persuasively as the foregoing one, convinces us that while the tax is only an excise, yet it is chargeable against and payable out of property of the decedent. The fact that the decedent's estate, in the contemplation of another taxing sovereign, possesses property, cannot serve to enlarge the definition of property as it is found in the Delaware law, by which definition there is no property.

In our judgment the Delaware act does not mean to enlarge the scope of the subject matter of taxable estates. It means simply to impose an additional tax on the subject matter of estates according as such subject matter was understood under the Delaware law as it existed at the time of the enactment of the estate tax act.

In considering the question before us, we fail to find anything of significance in the clause of the act upon which the plaintiff in error lays emphasis, viz., the following—"provided such estate is in the class of estates that are subject under the laws of the United States to a Federal estate tax." All that we understand this clause to mean is that no additional tax should be imposed by the state

upon an estate unless the Federal government taxes the same kind of an estate. This provision is a necessary corollary to the main purpose of the act which is to impose no additional tax burdens on estates, but simply to divert from the Federal treasury money which estates, in the Delaware conception of the term, would but for the act pay entirely to the Federal government. The sole and only significance of the clause would be clearly exemplified if the converse of the present situation were true, that is to say, if Delaware treated appointive estates as the taxable property of the donee of the power and the Federal government did not. If that were the situation, the clause in question would save appointive estates from the additional tax.

We recognize that our conclusion will deny to the state a substantial tax in the instant case and as time goes on may result in the loss of considerable revenue. If the result be an objectionable one, the remedy lies with the legislature. By defining taxable estates under the Estate Tax Law so as to make them co-extensive with taxable estates under the Federal act and by devising suitable machinery for collecting the tax thereon, the legislature can take advantage of the Federal legislation to the fullest extent.

The judgment of the court below will be affirmed, and the costs taxed on the plaintiff in error.