## Mayer's Estate.

*J. Lee Patton*, for exceptions; *Pierce Archer, Jr.*, contra.

VAN DUSEN, J., Nov. 7, 1930.—After giving money legacies and disposing of the residue, the will declares: "It is my intention to dispose by this will of all property of every kind and description over which I have or may have the power to dispose by will, whether by appointment or otherwise." There is nothing to limit this general direction, and the appointed estate is available for all the purposes of the will.

But it is not available for all the purposes of decedent's estate, for there is no direction to pay debts; and without such direction, linked specially or generally to the appointment, debts can be paid only from testatrix's own property. There is, therefore, no blending with her estate generally: Haven's Estate, 5 D. & C. 494; Hagen's Estate, 285 Pa. 326. The Hagen case is thus explained in Valentine's Estate, 297 Pa. 99: "In Hagen's Estate, 285 Pa. 326, 329, where the testator disposed of his own possessions and of two other estates over which he had power of appointment, we, in effect, treated the absence of a testamentary provision for the payment of his debts as the equivalent of a direction to liquidate them out of decedent's individual estate, and the fixing of that source of payment as sufficient to prevent a blending such as would make the appointed estates,—disposed of in common with testator's own possessions,—subject to inheritance tax."

In Valentine's Estate there was a direction to pay debts; but as the exercise of the power applied only to the residuary clause, the appointed estate was not available to pay debts, and the same result was arrived at, to wit, that there was no blending; the court saying (page 104) that the principle of McCord's Estate, 276 Pa. 459, is not to be stretched. The court further said (page 102): "The court below correctly decided that testatrix, in exer-

cising the power of appointment, intended only that the estate thus disposed of should follow the same channels of distribution as marked out for her individual estate, and blended the two only to this extent and solely for this purpose; that, in view of the provision for the payment of debts, the will contained no sufficient evidence of a purpose to blend the two estates for all purposes; and that a blending to any extent less than this is insufficient to make the appointed estate liable to the tax here sought to be imposed."

The exceptions are dismissed, the appeal is sustained, the assessment of additional transfer inheritance tax in the sum of $6832.61 is set aside, and the record remitted to the register of wills.