## Nicholson's Estate.

*J. Lee Patton*, for exceptions; *E. Spencer Miller*, contra.

VAN DUSEN, J., Nov. 7, 1930.—Is the appointed estate available for all the purposes of the decedent's estate—debts, money legacies and residue?

The preamble recites a purpose to exercise all powers of appointment; and then follows a direction to pay debts. The appointed estate may be used, therefore, to pay debts; in which respect the case is like Com. *v.* Morris, 287 Pa. 61. It is not so much the order of the clauses as the declaration that the exercise of the power applies to the whole will. In Valentine's Estate, 297 Pa. 99, the power was exercised only in the residuary clause with respect to the residuary estate. There was nothing else to the will except a direction to pay debts; but as the exercise of the power in the residuary clause neces-

546

sarily was not to be linked to the direction to pay debts, the appointed estate could not be used for that purpose.

The residuary clause in the present will repeats the reference to the power which is contained in the preamble (like Winsor's Estate, 11 D. & C. 423), and there can be no question that the appointed estate is available for the purposes of that clause.

Is the appointed estate available to pay money legacies? On the general language of the will, yes; for the reference to the power occurs in a preamble which seems to apply to the whole will. But there is a special clause, paragraph 15, which recites: "Lest on a sale of my securities many of which are depreciated at the present time through temporary causes, a sacrifice should occur"—and directs that "all my securities which can be applied to these legacies" shall be appraised, and the legacies shall be scaled *pro rata*, with the option to legatees to take securities on account at the appraisement. The Hearing Judge thought that this confined the money legatees to testatrix's own securities and excluded them from the appointed estate, and we agree with him. The securities of the appointed estate are not "my securities;" they are not in the testatrix's possession, and their identity may not even be known to her.

The question first put above must be answered in the negative. The exceptions are dismissed, the appeal is sustained, and the record remitted to the register of wills for proper action in the premises.