Commonwealth, Appellant, *v.* Davis' Estate.

Argued May 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. Russell Shockley,* Deputy Attorney General, with him *Paul P. Wisler* and *Claude T. Reno,* Attorney General, for appellant.

*Thomas Raeburn White,* of *White & Staples,* with him *Richard C. Bull,* for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1942:

This appeal by the Commonwealth of Pennsylvania is from the action of the court below in striking off an

assessment of additional transfer taxes imposed under the Act of May 7, 1927, P. L. 859, as amended by the Act of May 16, 1929, P. L. 1782.

The facts are not in dispute and are as follows: Decedent, Izora Hunter Davis, was the daughter of Thomas P. Hunter who died on May 25, 1915, and by his will he gave a share of his estate to decedent for life, with a general power of appointment by will. She died on July 11, 1935, leaving a will in which she made certain personal bequests and gave the residue of her estate to her husband, J. Leslie Davis, and named him as executor. She also exercised in his favor her power of appointment, the fund having a net value at her death of $912,846.95. There was no blending of her own estate with the appointive estate. Decedent died possessed, in her own right, of real estate and personal property appraised at $178,438.96. Her debts and administrative expenses amounted to $217,110.40, making her estate insolvent to the extent of approximately $40,000. Subsequent to decedent's death, J. Leslie Davis paid the sum of $45,642.34 to the Commonwealth as a transfer inheritance tax, under the provisions of the Act of June 20, 1919, P. L. 521, upon the transfer of the appointive fund of $912,-846.95 occasioned by decedent's exercise of her power of appointment; and this tax was assessed against, and the payment credited, to the Estate of Thomas P. Hunter, Deceased. J. Leslie Davis, as executor under the will of his deceased wife, also filed a tax return with the Federal government, wherein he reported, as the gross estate, all property belonging to her in her own right, as well as the fund of which she had the power of appointment, as required by section 302(f) of the Revenue Act of 1926 (Act of Congress of February 26, 1926, 44 Stat. 71), as amended. This return was approved with a slight correction, and a tax of $100,050.96 thereon was paid. Under section 301(b) of the Revenue Act of 1926 (44 Stat. 70), a taxpayer is allowed a credit up to eighty per centum of the tax imposed thereby for any estate, inheritance, legacy or succession taxes actually paid to

any State. Therefore, decedent's executor claimed and was allowed a credit by the Federal government of eighty per centum of its tax imposed under the provisions of the Revenue Act of 1926, i. e. the sum of $23,-428.18, on account of the transfer inheritance tax of $45,642.34 paid to the Commonwealth upon the exercise by decedent of her power of appointment.

When notice of the allowance of this credit was received, the inheritance tax appraiser for the Commonwealth filed with the Register of Wills of Montgomery County an assessment against the decedent's estate of additional taxes in the amount of $23,428.18 under the Pennsylvania Additional Transfer Tax Act of 1927. J. Leslie Davis died on August 1, 1936, leaving a will wherein Warren B. Davis was named as residuary legatee, and by virtue of which he has been awarded and is now the owner of the property originally constituting a part of the appointed fund. Claiming that no tax was due to the Commonwealth under the Act of 1927, Warren B. Davis appealed to the Orphans' Court, and that tribunal sustained his appeal and struck off the assessment. Thereupon the Commonwealth took the present appeal.

The Commonwealth contends that the Pennsylvania Act of 1927, as amended, is designed for the ostensible purpose of obtaining for the Commonwealth the benefit of the Federal credit of eighty per centum allowed under the Revenue Act of 1926; that this purpose has no relation to the kind of property taxable under the Pennsylvania Transfer Inheritance Tax Act of 1919, as amended; and that, therefore, where there is an estate, even though insolvent as here, the Pennsylvania additional transfer tax is due from it, notwithstanding that that which creates the estate under the Revenue Act of 1926 and upon which the Federal estate tax is assessed, constitutes no part of the estate under the Pennsylvania Transfer Inheritance Tax Act of 1919, as amended. Thus, the sole question for determination is: Is the property passing by appointment of decedent, Izora Hunter Davis, subject to the additional transfer tax imposed by the Act of

1927, as amended, although admittedly not subject, as far as her estate is concerned, to the transfer inheritance tax imposed by the Act of 1919, as amended?

When the Revenue Act of 1926 was passed, allowing a credit to the estates of decedents for any estate, inheritance, legacy or succession taxes actually paid to any State, it was, of course, apparent that if the inheritance tax imposed by this Commonwealth under the provisions of the Act of 1919 in any case was less than the eighty per centum credit allowable, the Commonwealth would be the loser by the difference between the tax actually imposed and the eighty per centum credit; whereas, the taxpayer would gain nothing, for the eighty per centum would have to be paid either to the Commonwealth or to the Federal government, but not to both. Therefore, following the lead of many of the States, Pennsylvania enacted the Additional Transfer Tax Act of 1927. See *Knowles's Estate,* 295 Pa. 571. This statute, as last amended, provides: ". . . additional transfer taxes for State purposes are hereby imposed upon the *transfer,* in trust or otherwise, *of any property taxable under the provisions of the transfer inheritance tax law of this Commonwealth, approved the twentieth day of June, one thousand nine hundred and nineteen* (Pamphlet Laws, five hundred and twenty-one), . . . Such taxes shall be imposed as estate taxes and shall be collected in accordance with the provisions of the transfer inheritance tax laws of the Commonwealth, in the following cases, viz: Whenever in any estate the total tax paid or payable to the Commonwealth . . . at the rates fixed under the inheritance tax law, shall be less than the total credit allowed by the Federal law for taxes paid to the States, then the tax imposed by this act upon the *transfer* of such property shall be an amount equal to the difference between the total credit, allowable by the Federal law for taxes payable to the State governments, and the total taxes actually paid or payable to the Commonwealth . . . under the inheritance tax law." (Italics added.)

It is readily apparent from a reading of the above provisions of the Act of 1927 that the law-makers of this Commonwealth intended only that this tax be imposed where there was a transfer of property (which was taxable under the provisions of the Act of 1919) passing from a decedent. In this connection, it was aptly said by the learned court below: "The Act of 1927, supra, does not create a new class of taxable property or enlarge the scope of the subject matter of taxable estates. Although the taxes imposed thereby are to be 'imposed as estate taxes' they are, in reality, 'transfer taxes.' The statute provides for 'additional transfer taxes' upon the 'transfer' of property already taxable under the Act of 1919. Under the Act of 1919 a tax is imposed upon a 'transfer of property' passing from a decedent, and unless there is in fact a transfer of property, there is no basis for a tax under either statute: *Haggerty's Est.*, 311 Pa. 503 (1933) ; *Lowry's Est.*, 314 Pa. 518."

It is well settled in this Commonwealth that upon the exercise of a power of appointment, the appointed property passes directly from the estate of the donor of the power to the appointee, and never becomes a part of the estate of the donee for any purpose: *Stannert's Estate*, 339 Pa. 439; *Valentine's Estate*, 297 Pa. 99; *Huddy's Estate*, 236 Pa. 276; *Hagen's Estate*, 85 Pa. Superior Ct. 123, affirmed in 285 Pa. 326. The fact that the appointed property was included in the estate of the donee, Izora Hunter Davis, for Federal estate tax purposes cannot serve to enlarge the provisions of the Additional Transfer Tax Act of 1927 to include, as part of her estate, the fund over which she had power of appointment, since the Legislature has specifically limited the imposition of such additional taxes to the kind of property taxable under the Transfer Inheritance Tax Act of 1919, as amended. A similar situation arose in Delaware, and the Supreme Court of that State, in *Highfield v. Del. Trust Co.*, 34 Del. 306, 152 A. 124, arrived at the same conclusion as that which we have reached here. In the instant case there was no transfer of any property from

decedent's estate, and therefore no property upon which any State transfer tax could be imposed.

Decree affirmed.