## Garman v. Glass.

| 197 | |
|---|---|
| 206 | 101 |
| | 276[3] |

*Will—Power—Exercise of power—Act of June 4, 1879, P. L. 88.*

Where a widow has a life estate in land with a contingent power to revoke the testator's devise over of the remainder, in case the devisees or any of them "should not be obedient to her during her natural life," and she fails to exercise such power by any affirmative decision or declaration, no interest in the land passes by a gift in her own will of all the rest and residue of her estate. The act of June 4, 1879, does not apply to such a case.

| 197 | 101 |
|---|---|
| f218 | 264[2] |
| 197 | 101 |
| f220 | 193[2] |
| f220 | 603[2] |

*Executors and administrators—Suit by administrator—Parties—Amendment.*

Where an administrator d. b. n. c. t. a. brings suit as administrator, and it appears that there are no debts of the testator to be paid, and that the money due by the defendants is due to the administrator personally as a legatee, the suit cannot be maintained, nor can the plaintiff be permitted to amend the record so as to substitute himself personally as plaintiff.

A change of parties which involves a change of the cause of action is not within the ordinary province of amendments.

Argued May 14, 1900. Appeal, No. 341, Jan. T., 1899, by defendants, from order of C. P. Lancaster Co., Jan. T., 1899, No. 24, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of John B. Garman, Administrator d. b. n. c. t. a. of Jonas Good, Jr., deceased, v. Anna B. Glass and Henry W. Glass. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Reversed.

Assumpsit to recover charge on land.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated by LIVINGSTON, P. J., as follows:

It appears from the records and papers presented to the court on the argument, that, on January 23, 1880, one Jonas Good, of Brecknock township, Lancaster county, made and executed his last will and testament, which, after his decease on March 9, 1880, was on April 6, 1880, duly proven, and letters testamentary granted to Mrs. Catharine Good, his widow, she being the executrix named in said will; and in and by said will he, inter alia, gave and bequeathed as follows:

" Item, I give and bequeath unto my beloved wife, Catharine

Good, the use and occupation of all my real estate, consisting of a farm on which I now reside, containing fifty-four acres, more or less, and six acres and three-quarters of wood land, adjoining lands of Samuel G. Musser, Elias Klemer and others, during her natural life, and from and after her decease, then I give and devise all my said real estate unto Anna B. Glass and her husband, Henry W. Glass, or to their heirs and assigns forever, at and for the sum of two thousand five hundred dollars ($2,500.00), to be paid as follows, to wit: The one-half of the net balance, after all the expenses and legal debts are paid, to be paid to John B. Garman, or to his heirs or assigns, I hereby bequeath the same to him, the said John B. Garman, one year after the death of my said wife, and the other half of said net balance I hereby bequeath to said Anna B. Glass and to her husband."

Then follows this item: "I do order, and it is my will, that in case the said Anna B. Glass, Henry W. Glass and John B. Garman, or either of them, should not be obedient to my said wife, during her natural life, I do hereby, in such case, revoke the devise and the bequest in this my last will to the said Anna B. Glass, Henry W. Glass and John B. Garman, and in such case I do hereby give the power and authority to my said wife to give, devise and bequeath the same unto whom she may prefer, the same as if it had not been devised to them."

He then appoints his wife his executrix.

Catharine Good, his widow and executrix, made and executed her last will and testament on October 12, 1889, in which, after directing that her funeral expenses and all her other just debts should be paid by her executor, she says: "Item, I give and bequeath to Henry Glass and Annie Glass, his wife, all the rest and residue of my estate, of whatever it may consist at the time of my decease, without reserve."

Of this, her will, she appointed S. G. Seifrit the executor.

After her decease, on October 8, 1897, her will was duly proven on January 24, 1898.

On January 4, 1898, S. G. Seifrit, the executor, renounced the executorship, and on the same day Henry Glass and Anna Glass, sole legatees in said will, renounced their right to administer, and requested that David G. Shrom should be appointed as administrator c. t. a.

And on January 24, 1898, the register granted letters of administration d. b. n. c. t. a., as requested, to said David G. Shrom upon the estate of Catharine Good, deceased.

And, after the decease of said Catharine Good, the executrix, John B. Garman was appointed by the register of wills of Lancaster county, Pa., administrator d. b. n. c. t. a. of said Jonas Good, Jr., deceased. And this suit, or action, is brought by him, as such administrator, to recover from Anna B. Glass and Henry W. Glass, the defendants, the sum of $2,500, the sum at and for which the said tract of land and premises were devised by said Jonas Good, Jr., deceased, to the said defendants, Anna B. Glass, and Henry W. Glass, and of which they have had possession under said devise since the death of Catharine Good, the widow of Jonas Good, Jr., in October, 1897, which sum of $2,500, with proper interest thereon, the said defendants, though often requested, have steadily refused to pay.

The said Anna B. Glass and Henry W. Glass say that they have a just and legal defense to the whole of plaintiff's claim in this action, of the following nature and character, to wit: Plaintiff has no right to recover from the defendants the alleged valuation money of the land devised to them as set forth in plaintiff's statement filed, because the said land was absolutely devised to Catharine Good by virtue of the terms of the last will and testament of the said Jonas Good, Jr., deceased, and she, the said Catharine Good, being the said devisee of the said premises, devised the same absolutely unto the defendants by her last will and testament, duly executed on October 12, 1889.

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*N. F. Hall* and *W. U. Hensel*, with them *Arthur G. Dickson*, for appellant.—It appears on the face of the record that the plaintiff below was not entitled to any judgment in his favor.

Catharine Good by her last will and testament exercised the power of disposition given her by the will of Jonas Good, Jr., deceased: Lake v. Currie, 2 D. M. & G. 536; Aubert's App., 109 Pa. 447; Dillon v. Faloon, 158 Pa. 468; Ashburner's Est., 2 Pa. Dist. Rep. 776; Forsythe v. Forsythe, 108 Pa. 129; Yetzer v. Brisse, 190 Pa. 346.

*William R. Brinton* and *J. A. Coyle,* of *Coyle & Keller,* for appellee.—If a power is based upon a contingency which never happens, the power is void: Stevens v. Winship, 1 Pick. 317; Palmer v. Newell, 20 Beavan, 32; Pomfret v. Perring, 18 Beavan, 618.

The will of Catharine Good cannot operate as an execution of the power, without changing, altering and revoking the devises and bequests contained in the will of Jonas Good, Jr. To such power of revocation and appointment the statute does not apply. And surely the statute does not apply where the power of revocation and appointment is exercisable only upon the happening of a contingency, which did not happen.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1900:

The defense set up in the affidavits was clearly untenable. Catharine Good by will gave to appellants " all the rest and residue of my (her) estate," but she had no estate in the land concerned here, which could pass by that language. Under the will of Jonas Good his widow Catharine had a life estate in the land, with a contingent power to revoke the testator's devise over of the remainder, in case the devisees or any of them "should not be obedient to her during her natural life." Conceding that she was entitled to determine whether the contingency had happened, yet the mere possession of the contingent power did not in any way enlarge her estate. It was a power in derogation of the testator's primary intent, and nothing less than an affirmative decision and declaration on her part that the contingency had happened, would be sufficient to revoke and defeat his express gift. There was no such decision or declaration here. The gift of Catharine to the appellants was of the " residue " in the most general terms, which could be fully satisfied by the personal or other property that could be fairly called her own, without resort to that of the testator over which she had only a power of appointment. Had she determined the happening of the contingency in her lifetime and then undertaken to convey or devise in fee, an entirely different question would be presented.

The title set up by appellants under the will of Catharine Good cannot be aided by the Act of June 4, 1879, P. L. 88. The powers of appointment covered by that act are unrestricted, or

absolute powers depending only on the will of the donee, and the operation of the act is in the regulation of the mode of their exercise by raising a statutory presumption of the purpose to execute them by a general devise or bequest, unless a contrary intention appears in the will. The act in no way enlarges or affects the power itself. It is merely another step in the general line of Pennsylvania law, that a testator shall be presumed to intend to dispose of everything within his control, irrespective of the verbal form of his testament. Of this policy sections 9 and 10 of the Wills Act of 1833, as to the passage of the testator's whole estate, and also his after-acquired real estate, are familiar examples. Estates or powers depending on contingencies are not within the policy or the statutory rules of construction, which do not enlarge either, but merely concern their mode of transfer or execution. If Jonas Good had made his widow's power to change his beneficiaries dependent on some one or more of them dying before her, no one would think of claiming that she could divest the remainder without the happening of the contingency. But the contingency he did require, to wit: want of obedience to his widow, was none the less a separate and indispensable preliminary fact to be established, though the tribunal to determine it was the widow herself.

Appellants therefore took no estate in the land under the will of Catharine Good, and what they took under the will of Jonas Good was a remainder in fee after the widow's life estate, charged with one half the valuation put upon it by the testator, in favor of the plaintiff individually.

But it did not follow that plaintiff was entitled to judgment. He brought suit as administrator d. b. n. c. t. a. and as such he had no right of action unless the money was required for payment of the testator's debts. His statement contained no such averment. The land was devised to appellants charged with specific legacies to parties named. Prima facie the administrator had no concern either with the land or the charge.

The testator had been dead more than eighteen years, and the presumption was that there were no debts of his which were now a lien on this land, or collectible out of the legacies charged on it. An averment and affirmative proof of the existence of such debts, for which the plaintiff as administrator is responsible, was a necessary part of his right of action, and in default

of such proof no judgment should have been given, or can now be sustained.

Appellee has filed in this court an averment that John B. Garman, administrator and John B. Garman, legatee of one half the charge on the land, are the same person, and asks that if the court be of opinion that he is not entitled to recover the whole charge as purchase money of the property, the judgment be affirmed upon condition that he shall remit one half of the amount ascertained to be due after payment of the debts, if any, appearing upon his final account as administrator. But this cannot be done. Rights of action in different capacities, even though in the same individual, cannot be mixed and interchanged in this way. As already said the plaintiff cannot maintain this action without showing the existence of debts. The law will not compel appellants to pay the administrator to enable him to settle debts which are presumed not to exist. Nor can the action be changed to one by plaintiff as legatee, for his half of the charge. A change of parties which involves a change of the cause of action is not within the ordinary province of amendments. And if a claim is made upon them in that form, defendants are entitled to regular summons and opportunity to be heard in a separate suit upon it.

Judgment reversed and procedendo awarded.