# Safe Deposit and Trust Company of Pittsburg *v.* Friend, Appellant.

*Will—Power of appointment—Exercise of power—Codicil.*

Testatrix at the time of her death owned real and personal property in her own right, and was the beneficiary in a separate use trust with power of appointment under the will of her father and also in a separate use trust with power of appointment under the will of her mother. By her will she gave all the "rest and residue of her property and estate real and personal" to her two sons, one of whom was the trustee under the will of her father. After the execution of her will she added a codicil as follows: "It is my intention in the foregoing will, executed by me this day, and is my desire that the property and estate disposed of thereby shall include all my estate, real and personal, whether in my possession at the time of my decease, or held in trust for my use and benefit by trustees under the will of my father." Testatrix in her will directed that her son who was trustee under the will of her father should not be required to account as such trustee, and she also directed that no account, inventory or appraisement of her personal estate should be filed. She made no reference to the trust estate created by her mother's will. *Held,* that the testatrix did not exercise the power of appointment given to her by her mother's will.

Argued Nov. 7, 1901. Appeal, No. 147, Oct. T., 1901, by certain defendants, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 397, on bill in equity in case of the Safe Deposit and Trust Company of Pittsburg, trustee for Emma H. Reath, under the will of Hannah Wood, deceased, and the Safe Deposit and Trust Company of Pittsburg, trustee for Elizabeth R. Sterling, under the will of Hannah Wood, de-

ceased, and Emma H. Reath and Elizabeth R. Sterling, v. James
W. Friend, Harry T. Friend, Appellants, Porter C. Friend,
Mary Maxwell, Hannah Maxwell, Marjorie Maxwell, heirs of
Rebecca Jane. Friend, as an intestate; the Fidelity, Title and
Trust Company, trustee under the will of Rebecca Jane Friend,
and James W. Friend and Harry T. Friend, as individuals and
as executors, trustees and residuary devisees under the will of
Rebecca Jane Friend, deceased. Before McCollum, C. J.,
Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.
Affirmed.

Bill in equity for petition.

From the record it appeared that the land to be partitioned
was situated in Chartiers township, and that it had formerly
belonged to Hannah Wood. By her will Hannah Wood cre-
ated a separate use trust for her daughter, Rebecca J. Friend.
Mrs. Friend was also a beneficiary in a separate use trust un-
der the will of her father, James Wood. Under both wills she
had power of appointment. Mrs. Friend also owned real and
personal property in her own right. At the time of her death
she was a widow. By her will she gave "all the rest and resi-
due of my [her] property and estate real and personal" to her
two sons, James W. Friend and Harry T. Friend. James W.
Friend was the trustee under the will of the father of testa-
trix. Mrs. Friend directed in her will that James W. Friend
should not be required to account as trustee under the will of
her father, and she also directed that no account, inventory or
appraisement of her personal estate should be made or filed by
her executors. By a codicil she directed as follows:

"It is my intention in the foregoing will executed by me
this day, and is my desire that the property and estate dis-
posed of thereby shall include all of my estate, real and per-
sonal, whether in my possession at the time of my decease, or
held in trust for my use and benefit by trustees under the will
of my father, James Wood, deceased."

Evans, J., filed the following opinion:

The only serious question raised in this case, arises under
the will of Rebecca J. Friend. By the will of her mother,
Hannah Wood, there was devised to trustees, for the sole and

separate use of Rebecca J. Friend, a one fourth of the real estate sought to be partitioned in these proceedings. The will gave to Mrs. Friend the power of appointment, by will or other instrument in writing in the nature thereof, and in default of appointment, then to her issue. The question arises, did she exercise the power of appointment as regards this property in her will, which she executed on June 10, 1896. The Act of June 4, 1879, P. L. 88, section 3, provides that a general devise or bequest of the testator's real or personal estate shall operate as an execution of the power of appointment, unless a contrary intention shall appear in the will. We do not understand that it is controverted, on the part of the counsel for Porter C. Friend and others, that the devise of "all the rest and residue of my property and estate, real and personal, I hereby bequeath and devise to my sons, James W. Friend and Harry T. Friend, their heirs, executors and administrators, share and share alike," would carry the trust estate under the will of Hannah Wood, if it were not for other portions of the will of Mrs. Friend, which it is alleged show a contrary intention on the part of the testatrix. After adding a clause, providing that whoever should contest her will should be deprived of any beneficial interest under it, and the appointment of executors, the testatrix executed her will with the above residuary clause standing as we have quoted, but on the same day, and apparently after the execution of her will, she added the following codicil: "It is my intention, in the foregoing will, executed by me this day, and is my desire that the property and estate disposed of thereby shall include all my estate, real and personal, whether in my possession at the time of my decease, or held in trust for my use and benefit, by trustees under the will of my father, James Wood, deceased."

It is claimed by counsel for Porter C. Friend, and the Maxwells, that the testatrix in the codicil shows that she intended to exclude from the provisions of her will the estate held in trust for her by trustees under the will of her mother, Hannah Wood, and we think that is the true intention of Mrs. Friend, as shown by her entire will.

What Mrs. Friend intends to say is "in the residuary clause of my will I intended to say, 'and all the rest and residue of my property and estate, real and personal, whether in my pos-

session at the time of my decease, or held in trust for my use and benefit by trustees under the will of my father, James Wood, deceased, I hereby bequeath and devise to my sons, James W. Friend and Harry T. Friend,' " etc.

Had that language been used in the body of the will it does not seem to us that there could have been any contention that the estate which the testatrix intended to devise was limited to the two estates which she specified. But there are other parts of the will which support this interpretation. The trustee under the will of James Wood was James W. Friend, a son of the testatrix, and the trustee under the will of Hannah Wood was the Safe Deposit and Trust Company of Pittsburg. The executrix provides, in the fourth paragraph of her will, that James W. Friend shall not be required to account as trustee under the will of her father, James Wood; and in the fifth clause provides that no account, inventory or appraisement of her personal estate shall be made or filed by her executors in court. The evident intention of the testatrix being so far as the estate which passed by her will was concerned, there should be no accounting on the part of those in control of it. But she does not provide that there shall be no account filed by the trustee under the will of her mother, Hannah Wood. And if she intended to pass the estate held in trust for her under the will of Hannah Wood, then there must be an account filed in the court of that part of her estate. The doctrine that the courts will so construe a will, if possible, as to prevent the testator from dying intestate as to any of his estate, does not apply with the same force in this case as in the cases where that doctrine has been applied. Strictly speaking Rebecca J. Friend did not die intestate as to the estate which she derived from her mother, but that estate, by her failure to exercise the power of appointment given her, passed under the will of her mother. Mrs. Friend evidently added the codicil to her will for some purpose; we must assume that in passing upon the meaning of her will. The only purpose that she could have would be to make more definite and clear the part or character of her estate which she intended should pass by the residuary clause of her will. The only information which is added by the codicil, is that there are two estates to pass, namely, the estate to which she held the legal title, and the estate held in trust for her un-

der the will of her father, James Wood; no other construction can be given to that codicil, and give it any force and effect whatever.

James W. Friend and Harry T. Friend filed exceptions to the opinion and decree.

*Error assigned* was in dismissing the exceptions.

*J. S. Ferguson*, with him *E. G. Ferguson, Knox & Reed* and *Edwin W. Smith*, for appellants.

*Wm. M. McGill*, with him *L. M. Plumer, Thomas D. Chantler* and *S. W. Cunningham*, for Mary Maxwell et al.

*H. K. Siebeneck* for Porter C. Friend.

PER CURIAM, January 6, 1902:
The specifications of error are dismissed and the decree of the court below is affirmed.