## South's Estate.

*Wills—Powers of appointment—Construction—Intention.*

Under the Act of June 4, 1879, P. L. 88, Sec. 3, relating to testamentary powers of appointment, a will directing the payment of testator's debts and funeral expenses and bequeathing $10,002.00 to pecuniary legatees is a valid execution of a testamentary power of appointment over a fund of $10,000 although the will contains no residuary clause and makes no reference to the power, if it appear that the testator had nothing but the fund covered by the power of appointment, to bestow.

Argued Jan. 7, 1915.  Appeal, No. 255, Jan. T., 1914, by Richard Y. Cook, surviving executor under the will of Rachel A. South, and as executor under the will of H. Louisa More, deceased, from decree of O. C. Philadelphia Co., Oct. T., 1885, No. 177, sustaining exceptions to adjudication in estate of George W. South, Deceased.  Before BROWN, C. J., POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Exceptions to adjudication.   Before GEST, J.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions in the opinion by GUMMEY, J.   Richard Y. Cook, surviving executor under the will of Rachel A. South, and as executor under the will of H. Louisa More, deceased, appealed.

*Errors assigned* were in sustaining the exceptions.

*John G. Johnson,* with him *Daniel A. Stewart,* for appellant.

*Chas. C. Lark,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 15, 1915:

The only question raised by the assignments of error here filed, is whether the will of George S. Robb was an effective execution of the power of appointment given to him in the will of his grandfather, George W. South. The will gave him an annuity of $3,000, during his life, and directed that upon his death "the sum of ten thousand dollars shall be paid to such person or persons as he by his last will and testament or writing in the nature thereof shall direct and appoint."   George S. Robb died March 27, 1913, leaving a will duly admitted to probate in Northumberland County, where he resided, by which he directed the payment of his debts and funeral expenses, disposed of his household furniture, fixtures and effects, and gave pecuniary legacies amounting to $10,-002.   The will contained no residuary clause, and made no reference to the power of appointment given him by the will of his grandfather, or to the fund which was subject to his disposal.   It appeared from the testimony that he left no estate, irrespective of the fund of $10,000 over which he had the power of appointment, and in giving instructions to his counsel, who drew his will, he stated that all he had, was $10,000 held by the Pennsylvania Trust Company.   The auditing judge held that

there was no proper execution of the power of appointment, and awarded the entire fund to the residuary legatees under the will of George W. South. Exceptions to this adjudication were filed, which were sustained by the majority of the Orphans' Court. The executor of the residuary legatees has appealed. There is no doubt but that prior to the Act of June 4, 1879, P. L. 88, Sec. 3, the language of the will of George S. Robb would not have been regarded as a sufficient execution of the power of disposal which was given to him, for the reason that it contains no reference either to the power of appointment, or. to the particular fund which he was authorized to disburse. But since the passage of the Act of 1879 it is unnecessary that any expression of an intention to exercise the power of disposal, shall appear in the instrument itself. The provision of the Act of 1879, as to personal property is as follows: "A bequest of the personal estate of the testator, or any bequest of personal property described in a general manner, shall be construed to include any personal estate, or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will." In the present case, it was suggested by the auditing judge, that if the will had contained the usual residuary bequest, that would have been sufficient to bring it within the purview of the act. But in the absence of such a clause, he saw nothing in the will upon which the provisions of the act of assembly could take effect. We do not see, however, that there is room for a distinction between the effect of a bequest of the residue of a testator's estate and that which would result from a number of bequests of pecuniary legacies, which in the aggregate disposed of the entire amount of that residue. The testator was evidently aware of the amount which was at his disposal, and desiring to distribute it in various proportions, he named the separate sums to be received by

each of the legatees. In this way the entire fund was consumed and nothing was left which would have passed under a residuary clause. The Act of 1879 is in substance a declaration that a gift or devise of the whole of one's estate, shall carry with it property over which there was a power of appointment by will. As our Brother MOSCHZISKER said in Huddy's Est., 236 Pa. 276 (282): "Its effect is to make the will of a donee of an unrestricted absolute power operate as an exercise of the power even though no such intention is expressed therein. The law now assumes that such was the intent of the testator unless a contrary intent appears by the will: Aubert's App., 109 Pa. 447." The testimony which was offered to show that George S. Robb left no estate except the $10,000, mentioned in the will of his grandfather, and that he had this fact in mind when he gave his attorney instructions for drawing his will, was rightfully held to be admissible as an aid in construing the will. As the present Chief Justice said in Hermann's Est., 220 Pa. 52 (58): "While it is true that we must search for the intent of the testator only within the four corners of his will, when we come to consider it and interpret its meaning we must do so in the light of all the circumstances by which he was surrounded when he made it and by which he was probably influenced." The fact that there is nothing with which to pay the pecuniary legacies in the will of George S. Robb, unless the fund, which is the subject of the power, is drawn upon, justifies a strong presumption that he intended to exercise his power of appointment. As he had nothing except this fund to bestow, the will would be fruitless, unless it be regarded as an execution of the power. Undoubtedly the legacies given in the will of George S. Robb were general legacies, or bequests of "personal property described in a general manner," and as such, they fell directly within the terms of the Act of 1879 prescribing the construction to be placed upon them.

The assignments of error are overruled, and the decree of the Orphans' Court is affirmed.