Carothers's Estate.

Argued March 25, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

186

*G. H. McWherter,* for appellant.—Where a testator, although possessed of testamentary capacity, is aged, infirm bodily, with mental faculties impaired, if one who is a stranger to the blood and bears a confidential relation with the testator is largely a beneficiary under the will, there is a presumption of fact that undue influence was brought to bear on the mind of the testator and the burden is on him to rebut the presumption: Boyd v. Boyd, 66 Pa. 283; Cuthbertson's App., 10 W. N. C. 69; Wilson v. Mitchell, 101 Pa. 495; Armor's Est., 154 Pa. 517; Miller's Est., 179 Pa. 645; Adams's Est., 220 Pa. 531; Wolfe's Est., 284 Pa. 169; Phillip's Est., 244 Pa. 35.

*J. Garfield Houston, William A. Wilson* and *Peelor & Feit,* for appellees, were not heard.

OPINION BY MR. JUSTICE KEPHART, April 14, 1930:

William T. Carothers died unmarried and without issue. By his will he bequeathed $11,500 in specific legacies to collateral relatives and others, including $1,000 to this appellant; the residue was given to the Old Peoples Home of the United Presbyterian Church at Wilkinsburg. The legacies contested in these proceedings were those given to Mr. and Mrs. John D. Vensell,

amounting to $4,000. Appellant admitted decedent had testamentary capacity to make a will, but contended these legacies were procured through undue influence on the part of the Vensells. It is not averred nor is there evidence that such influence was directed toward any other provision in the will, which disposed of an estate of $65,000; so that if appellant were successful in defeating these two bequests, the entire will could not be overthrown.

Where a provision in a will which gives a legacy is void because of undue influence, the will itself is not necessarily void nor are other legacies unless such influence directly or impliedly affects them. Undue influence invalidates such part of a will as is affected by it. If the whole will is procured through undue influence, it is entirely void. Where, however, part of a will is caused by undue influence, and the remainder is not affected by it, and the latter can be so separated as to leave it intelligible and complete in itself, such part of the will is valid and enforceable: Page on Wills, section 131; Wagner's Est., 289 Pa. 361, 368. When a will contains distinct and independent provisions, so that different portions of the property or different estates or interests in the same portions of the property are created, some of which are valid and others invalid, the valid will be preserved unless the provisions are so interdependent that they cannot be separated without defeating the general intent of the testator: Johnston's Est., 185 Pa. 179, 190; 28 R. C. L. 358, and cases there cited. Bequests in a will, otherwise valid, must be rejected when it is apparent that the disallowance of invalid bequests causes the valid bequests to defeat the testator's wishes as evidenced by the general scheme of his will, or if manifest injustice would result to the beneficiaries: Johnston's Est., supra. But such is not the case here. The will is drawn in an orderly manner, each bequest is in a separate and distinct paragraph, and no one part bears on another, so that the will, with-

out the contested paragraphs, in itself is perfectly intelligible and complete.

Even if it were established that these bequests were procured by undue influence, it would avail this appellant nothing. The residue goes to the Old Peoples Home, which is not a party to this contest; the only contestant is appellant, a niece who hopes to strike down the entire will merely because she says two of the bequests were procured under undue influence. This cannot be done. But had she been successful in having the bequests declared invalid, not being a residuary legatee, she would receive nothing. Where legacies or bequests are declared void for any reason and the will contains a residuary clause disposing of the residue of an estate, the bequests invalidated pass under the residuary clause unless the scheme of the will or testator's intention provides otherwise: Page on Wills, section 507. Where the contestant to a will that is void in part receives no benefit from the contest he is not entitled either to sustain a caveat nor to take an appeal from the action of the court below; therefore he has no interest in the distribution. The right of appeal is given by the Act of March 29, 1832, P. L. 190, section 59: "Any person aggrieved by a definitive sentence or decree of the orphans' court may appeal from the same." A party who has no interest in the distribution is not a "person aggrieved" and cannot take an appeal under this act: Hand's Est., 288 Pa. 569; Wick's Est., 50 Pa. Superior Ct. 614. It follows, therefore, that the decree of the court below, refusing the issue, must be sustained.

The decree is affirmed at appellant's cost.