## Provident Trust Company of Philadelphia, Trustee, v. Scott et al., Appellants.

232

Argued April 20, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert T. McCracken,* of *Montgomery & McCracken,* with him *William H. Lathrop,* for appellants.

*Arthur Littleton,* with him *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 19, 1939:

This was a case stated in ejectment, the outcome of which depends on whether the testatrix, Hannah Lewis Scott (hereafter referred to as Miss Scott), who died on January 26, 1936, exercised by her will a general testamentary power of appointment granted her by her mother's will. The question is whether the power, though not specifically referred to in Miss Scott's will, was nevertheless exercised by her general residuary devise, under Section 11 of the Wills Act of June 7, 1917, P. L. 403 (20 PS sec. 223), no contrary intent appearing. The court below held that it was and gave judgment for the residuary devisee. The defendants, devisees in default of appointment under her mother's will, have appealed.

The donor of the power, Fanny W. Scott (hereafter referred to as Mrs. Scott), died in 1913 leaving a will

whereby she disposed of various parcels of real estate. One of these, 1806 Locust Street, Philadelphia, the family residence, is the subject of this litigation. Mrs. Scott in her will gave her three unmarried children the right to occupy these premises as a family dwelling, so long as they remained unmarried. By the residuary clause she directed that the remainder of her estate, after certain specific bequests, should be divided into equal shares, one for each surviving child, to be held by each child in trust for his own use with the right to sell during his lifetime. It was further provided that upon the death of these children, respectively, the unconverted portion of his or her estate should pass to such persons as he or she might by will direct, with a gift over upon failure to exercise the power. Apparently the children of Mrs. Scott, of whom the appellant children are the only ones now living, continued in the occupancy of the family residence, 1806 Locust Street, and this was never converted into their individual property and hence deprived of its status as trust property under the provisions of Mrs. Scott's will. One of the children, Lewis A. Scott, Jr., died in 1916, and his undivided interest in the property passed to his trustees for certain uses under his will, by which he directed that the survivor of his brother Alexander (one of appellants) and his sister, Miss Scott, should have the power to appoint the residue of his estate.

Prior to Miss Scott's death, this, therefore, was the status of the Locust Street property: She and her two brothers each held undivided quarters in trust for themselves, with a power to convert the same in their lifetimes into an undivided fee simple estate, or in the alternative to appoint his or her share by will; the remaining undivided quarter belonged to the trustees of Lewis A. Scott, Jr.; and Miss Scott had the right, under Lewis' will, in case she survived her brother Alexander, to appoint Lewis' estate to whomever she chose.

In the first paragraph of *Miss* Scott's will she made specific reference to the power of appointment which she possessed under her brother Lewis' will and devised and bequeathed all the property which she had the power to appoint under his will to a named charity. Of course, since her brother Alexander survived her, this provision in her will was wholly ineffectual, the power to appoint Lewis' estate having passed to him. Then follow several paragraphs making specific bequests and devises. These are succeeded by the vital provision disposing of the residue, which begins as follows: "SIXTH. All the rest, residue and remainder of my property and estate, of whatsoever kind and description and wheresoever situate, I give, devise and bequeath unto my Trustee by this my Will appointed, and its Successors, in Trust, for the following uses and purposes. . . ." The ensuing clauses of the will contain elaborate provisions for the establishment of a trust for the benefit of a number of friends and relatives, with an ultimate gift over to a charity. There is no mention of the Locust Street property, of the interest which the testatrix had in it, nor of the power of appointment granted by her mother's will. Neither the will itself nor two codicils subsequently executed throw any further light upon the intention of the testatrix as to her interest in the dwelling.

Section 11 of the Wills Act, supra, provides that a general devise of a testator's real estate "shall be construed to include . . . any real estate . . . which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power *unless a contrary intention shall appear by the will,"* (italics supplied). What this statute does, in the absence of a specific and unmistakable intention of the testator to exercise the power, by express reference in his will, is to create a presumption of his intention to execute it, which is merely another aspect of the accepted rule that a testator is "presumed to intend to dispose

of everything within his control, irrespective of the verbal form of his testament": *Garman v. Glass,* 197 Pa. 101, 105, 46 A. 923. This presumption may be overcome, moreover, only by the presence in the will of language clearly indicative of a contrary dispositive intent, or of a form or method of disposition inconsistent with an exercise of the power. The contrary intent must appear from the will itself, not from extraneous circumstances. This appears from the words used in the statute and from the decisions which have construed it: *Garman v. Glass,* supra; *Thompson v. Wanamaker's Trustee,* 268 Pa. 203, 214, 110 A. 770; *Valentine's Estate,* 297 Pa. 99, 146 A. 453; *Miller's Trust,* 313 Pa. 18, 24, 169 A. 362.

We find nothing in Miss Scott's will to indicate any intention not to exercise the power. Appellants argue that since she referred expressly to the power of appointment granted her by her brother Lewis' will, in case she survived Alexander, it must be inferred that this was the only power she meant to exercise. Having referred to one of the powers, they contend that if she had intended to exercise the other power she would have mentioned it in her will. This reasoning is not sufficient to overcome the presumption established by the statute. We cannot hold that Miss Scott's failure to mention the other power amounts to an "appearance" in the will of an intention on her part not to exercise that power. The evidence is of too negative a character to establish the statutorily required "contrary intention." The mere failure to make express reference to a power a testatrix possesses falls short of proving *an intention not to execute it.* The failure is equally susceptible of other explanations, to wit: it may have been an oversight, or since the power to be exercised was in respect to an estate which testatrix clearly had in mind as specific property to be devoted to a specific purpose (a charity she favored), she may have considered it unnecessary to distinguish between separate items in the balance of

her estate, as composed of both her own property and her interest in the Locust Street residence, believing it would pass as a whole under the residuary clause of her will. The inference which appellants want drawn is not so inescapable as to avoid the statutory rule.

The case most strongly relied upon by appellants, *Safe Deposit and Trust Company of Pittsburgh v. Friend*, 201 Pa. 429, 50 A. 995, is inapposite here, for in that case the testatrix, immediately after executing her will, appended a codicil declaring, in effect, that her will was intended to dispose of only her individual property and that over which she had a power of appointment under her father's will, excluding by inference any intent to exercise a similar power granted by her mother's will. It was held that the latter failed of exercise, but the court in passing remarked that had the expression used in the codicil appeared in the body of the will a different result would have been reached.

Apart from the will itself, appellants stress a number of circumstances connected with the family history of the testatrix and her brothers, as indicating a mutual intention to preserve the Locust Street residence intact for the benefit of surviving members of the family. Even if these facts were not too inconclusive (as they are) to prove the intention claimed to exist, they could not be determinative of the question here presented.

The judgment is affirmed.