## Noble's Estate.

Argued December 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John E. Evans, Jr.,* with him *John E. Evans, Sr.,* of *Evans, Evans & Spinelli,* and *A. H. Lipez,* for appellant.

*M. E. Haggerty,* with him *Henry M. Hipple,* for appellee.

OPINION BY MR. JUSTICE LINN, January 5, 1942:

The question is whether testator, James Noble, exercised a general power of appointment by his will which contains no express reference to the power in its two paragraphs. In the first, he directed the payment of debts and funeral expenses and appointed an executor. The second has fifteen clauses lettered from *a* to *o*; all but clause *m* give money legacies; the last or residuary clause, which raised the dispute, provides: "o. I give full power to my Executor Lawrence F. Probst to sell all of my assets, Real or Personal and the proceeds to go to him after all of the above bequests have been settled as I have explicit faith that he will and has always done the right thing by me ever since my old working days."

When he made his will (*Noble's Estate,* 338 Pa. 490, 13 A. 2d 422) he was a widower, beneficiary of a testamentary trust established by his wife. In Mrs. Noble's will she had provided, "and in case my said husband shall fail to dispose of said trust estate by Last Will and Testament, said remaining principal and undistributed income [1] shall be distributed by my said trustee among my legal heirs according to the Intestate Laws of Pennsylvania, and this trust shall thereupon terminate." Her cousins, the appellant and Edith Lentz, claim as her legal heirs under that provision. They submit that clause *o,* quoted above, is not a residuary clause and that testator has not thereby exercised the power in favor of Probst. They seem to concede, however, that there may have been a partial exercise of the power because, unless the appointive property can be drawn on, there will not be enough money by half to pay the pecuniary legacies; in that view, their contention is that they take under Mrs. Noble's will the balance not required to pay pecuniary legacies given by her husband.

The learned court below held that, by the will, considered with Section 11 of the Wills Act of 1917, P. L.

---

[1] When he died the trustee had undistributed income of $2,225.78: *Noble's Estate,* 338 Pa. 490, 497, 13 A. 2d 422.

403, 20 PS §223, testator had exercised the power in favor of the pecuniary legatees and the residuary legatee named in clause *o*. Section 11 provides: ". . . a bequest of the personal estate of the testator, or any bequest of personal property described in a general manner, shall be construed to include any personal estate, or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power unless a contrary intention shall appear by the will." The act enables laymen to give effect to their testamentary intentions without drawing fine legal distinctions. Under section 11, a gift of the residue without mention of the power carries the appointive property unless the testator has expressed an intention to the contrary: *Huddy's Estate,* 236 Pa. 276, 282, 84 A. 909;[2] *Provident Trust Co. v. Scott,* 335 Pa. 231, 235, 6 A. 2d 814; *Thompson v. Wanamaker's Trustee,* 268 Pa. 203, 215, 110 A. 770.

This was a layman's will, written in the circumstances described in the opinion reported in 338 Pa. 490, 13 A. 2d 422. Testator's intention to dispose of part, at least, of the appointive property must be recognized or we should be required to assume that he gave a number of money legacies aggregating $12,500 when his own property would have been insufficient to pay them: Cf. *Jackson's Estate,* 337 Pa. 561, 567, 12 A. 2d 338; *McGlathery's Estate,* 311 Pa. 351, 166 A. 886; *South's Estate,* 248 Pa. 165, 93 A. 954.

Appellant contends, as we understand it, that, assuming testator intended to draw on the appointive property for the purpose of paying pecuniary legacies in full, clause *o* may not be construed as a bequest to the residuary legatee of that portion of the appointive property not required to pay the pecuniary legacies. This argument must be rejected.

---

[2] Construing section 3 of the Act of June 4, 1879, P. L. 88, from which section 11 of the Wills Act of 1917 is derived.

As the intention to appoint part is clear, we can find nothing in the will to support the suggested contention that he did not intend to give all: Compare *Provident Trust Co. v. Scott,* 335 Pa. 231, 6 A. 2d 814. We think that clause *o* was intended to be a general residuary clause: Compare *Haak's Estate,* 342 Pa. 93, 96, 99 et seq., 18 A. 2d 671.

Appellant's contention seems based largely on the facts that in clause *o* the legatee is described as "executor" and that the word "assets," a word of technical meaning, is used. But, in clause *k,* he gave $1,000 to Lawrence F. Probst, describing him as executor; in clause *m* he gave his Clark Printing and Manufacturing Company stock "to my Executor and good Friend Lawrence F. Probst." When, for the third time, he used the word "executor" with respect to Mr. Probst, in clause *o,* we think he used it in the same sense as in the two preceding clauses, merely as a term of description and not as a limitation.[3] While the word "assets" in a technical sense means, as appellant says, property available for the payment of debts, the meaning must be taken to be that which the context shows to have been intended; that he added a power to sell the assets is not inconsistent with this view because he may have thought such a power would facilitate payment of the legacies. See *Roger's Estate,* 245 Pa. 206, 211, 91 A. 351.

We think the gift of the "proceeds" to Probst "after all of the above bequests have been settled" shows that testator meant that the portion of the appointed estate not required to pay specific legacies should go to Probst. In getting at his meaning, we note that testator had in mind both his wife's cousins; in clauses *a* and *n* he gave each $500; to that extent he intended and provided that they should share in such property as he could dispose of, whether his own or that available by his wife's will,

---

[3] Compare *Isoleri's Estate,* 20 D. & C. 535, 540. Also see *Buechley's Estate,* 283 Pa. 107, 128 A. 730.

and to that extent only. Nothing can be predicated on the precatory words at the end of clause *o*: *Brubaker v. Lauver*, 322 Pa. 461, 185 A. 848; *Wilbur's Estate*, 334 Pa. 45, 5 A. 2d 325; *Pennock's Estate*, 20 Pa. 268; Restatement, Trusts, section 125.

Decree affirmed at appellant's costs.