## Jull Estate.

Argued March 31, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*W. S. Moorhead, Jr.* with him *Davis C. Burroughs, Jr., Moorhead & Knox, William B. Washabaugh, Jr., Rollin A. Fancher, Henry A. Bergstrom,* and *Weller, Wicks and Wallace,* for appellants.

*Robert L. Kirkpatrick,* with him *William W. Booth, Carl E. Glock, Jr., Reed, Smith, Shaw & McClay,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

436

OPINION BY MR. JUSTICE BELL, May 26, 1952:

This is an appeal from a decree of the Orphans' Court of Allegheny County which awarded the principal of a life insurance trust to (the executor of) the widow of Charles H. Jull. The 13 appellants are his cousins and next of kin.

On January 8, 1931, Charles H. Jull created an inter vivos insurance trust, the material provisions of which are as follows: "(3) At the death of the survivor of [the life tenants] the said GRACE H. JULL [his wife] and the said SAMUEL W. JULL, [his brother] the Trust shall terminate and the principal shall be transferred, set over and conveyed to such persons or institutions as the Donor may by his last will and testament designate and appoint; in default of such designation and appointment, the principal shall be distributed to the next of kin of the Donor then living in accordance with the intestate laws of the Commonwealth of Pennsylvania."

Jull died on December 10, 1931. He left a holographic will dated July 1, 1931, and *attested by only one witness.* In the fourth paragraph of his will he provided: "My life insurance having been set up as a Trust fund. The income on same to be paid to my Wife Grace H. Jull durring [sic] her life and thereafter to my brother Samuel W. Jull durring [sic] his life I hereby direct that said principal amount of the proceeds of said life insurance shall be paid to such charitable organizations after the termination of such Trust. and I request that as soon as possible after my death my Wife and brother will in conjunction with the Fidelity Trust have incorporated in said Trust indenture such disposition of such Trust fund as they shall desire or designate shall take place after the death of my Wife and brother, who are to receive the income as directed in the Trust agreement made with Fidelity Trust Com-

pany". Both appellants and appellee assumed that this constituted an appointment to such charities as he, through his widow, his brother and the Fidelity Trust Company, designated; and we shall accordingly so treat it.

In the next paragraph of his will, viz., the residuary clause, testator provided: "All the rest and remainder of my estate real and personal I hereby give, devise and bequeath to my Wife Grace H. Jull to have and to hold to her, her heirs and assigns absolutely."

Section 6 of the Wills Act of June 7, 1917,* which was in effect at the time of the decedent's death, provides: "No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law."

Section 11 of the Wills Act of 1917 provides: "A general devise of the real estate of the testator, or of the real estate of the testator in any place, or in the occupation of any person mentioned in his will, or otherwise described in a general manner, shall be construed to include any real estate, or any real estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power unless a contrary intention shall appear by the will. In like manner, a bequest of the personal estate of the testator, or any bequest of personal property described in a general manner, shall be construed to include any personal estate, or any personal estate to

---

* P. L. 403.

which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power *unless a contrary intention shall appear by the will.*"*

Appellants, as next of kin, claim that the specific appointment of the principal of the insurance trust to charity in the fourth paragraph of testator's will was, under section 6 of the Wills Act, supra, absolutely void, and consequently they take the principal of the insurance trust under the default provision of the trust deed. With respect to this contention that there was no valid exercise by will of the power of appointment, appellants are in the anomalous position of arguing that section 6 makes testator's testamentary appointment to charity void, but that this void appointment shows an intention that the testator did not wish it to pass to the residuary legatee [his wife] since he had already specifically, although ineffectively, said he wanted it to go to charity. In other words, the bequest is absolutely void under section 6 as a bequest, but is valid for the purpose of showing the testator's intention (viz., the contrary intention referred to in section 11 (supra)). This specious argument is further weakened by the remaining pertinent and very important language of section 6 which appellants ignore (and which we shall hereinafter more fully discuss), as well as by the known fact which has long ago been established as a legal principle, namely, that a residuary gift is intended by a testator as a "catch-all." A catch-all residuary clause carries out testator's dominant intent to dispose of everything which he still owns or has a dispositive interest in or general power over—everything not otherwise specifically or effectually disposed of by the will: Cf. *Carothers's Estate*, 300 Pa. 185, 150 A. 585;

---

* Italics throughout, ours.

*Bricker's Estate,* 335 Pa. 300, 6 A.2d 905; *Thompson v. Wanamaker's Trustee,* 268 Pa. 203, 110 A. 770; *Noble's Estate,* 344 Pa. 81, 23 A.2d 410; Hunter, Pennsylvania Orphans' Court Commonplace Book, Vol. II, §19(h), p. 851.

Appellants' contentions would be far more persuasive if, as they assume, they could disregard the latter part of the clause in section 6 on which they depend, which provides that all unattested testamentary dispositions of property to a charity "shall be void and go to the residuary legatee or devisee . . . according to law." Although section 6 does not specifically so state, it has been construed by this Court in *Moore v. Gilbert,* 287 Pa. 102, 134 A. 462, to mean that a charitable legacy which is void under section 6 goes to the residuary legatee *unless testator in his will provides otherwise.* This construction of section 6 brings it in harmony with section 11 and section 15(c) and with a hundred or more cases in Pennsylvania which hold that a testator's intention governs and must prevail: *Keefer Estate,* 353 Pa. 281, 283, 45 A. 2d 31; *Ziegler Estate,* 356 Pa. 93, 51 A.2d 608; *Clark Estate,* 359 Pa. 411, 59 A. 2d 109; *Britt Estate,* 369 Pa. 450, 87 A. 2d 243.

Even apart from section 6 of the Wills Act, anyone who claims that a residuary clause does not exercise a general power of appointment has a heavy burden to establish "a contrary intention." In *Thompson v. Wanamaker's Trustee,* 268 Pa. 203, 214, 110 A. 770, Justice (later Chief Justice) VON MOSCHZISKER said: ". . . he who, in any instance, denies that a general devise executes a general power of appointment, must prove 'by what appears on the face of the will' that it was testator's 'clearly expressed' intention the devise in question 'should not do so': 1 Jarman on Wills (5th ed.) 813; Fidelity, etc., Co.'s App., 108 Pa. 492, 503; Huddy's Est., 236 Pa. 276, 282; Pa. Co.'s Account, 264 Pa. 433,

436.". See to the same effect: *Prov. Tr. Co. of Phila. v. Scott,* 335 Pa. 231, 235, 6 A.2d 814, and *Barton Trust,* 348 Pa. 279, 35 A.2d 266.

The precise question of whether an attempted but void exercise of a general power of appointment will prevent the residuary clause from executing the power under section 11 of the Wills Act of 1917 has never been decided by the appellate courts of this State. However, it has been decided by appellate courts in other jurisdictions and the conclusion reached therein, with which leading text writers agree, is directly contrary to appellants' contentions: *Bernard v. Minshull,* Johns (Eng.) 276, 70 Eng. Rep. 427 (1859); *Bird v. Green,* 1 Ch. 366 (1919); *In the Matter of Spooner's Trust,* 2 Sim. N.S. 129, 61 Eng. Rep. 289 (1851); *Freme v. Clement,* 18 Ch. D. 499 (1881); *McLean v. McLean,* 158 N.Y.S. 59, affirmed in 223 N.Y. 695, 119 N.E. 1056; *Chase National Bank v. Central Hanover Bank & Trust Co.,* 265 App. Div. 434, 39 N.Y.S. (2d) 541; *Old Colony Trust Co. v. Allen,* 307 Mass. 40, 29 N.E.2d 310 (1940); *Amerige v. Attorney General,* 324 Mass. 648, 88 N.E. 2d 126 (1949); *49 C.J.* §123, p. 1292; *Jarman on Wills,* 7th Ed., Vol. II, pp. 785-6.

Jarman on Wills, 7th Ed., thus states the law (page 786); "The fact that an appointment has been actually made will not show an intention to exclude the appointed property from a general residuary gift, when the appointment fails by lapse, or through uncertainty, or otherwise, or is revoked." ·

In *Chase National Bank v. Central Hanover Bank & Trust Co.,* 265 App. Div. 434, 39 N.Y.S.(2d) 541 (1943), the Court specifically held "that the residuary clause carried with it the appointive property previously attempted to be disposed of, but which was invalidly appointed."

In *McLean v. McLean*, 158 N.Y.S. 59 (1916), aff'd. in 174 App. Div. 152, 160 N.Y.S. 949, aff'd. in 223 N.Y. 695, 119 N.E. 1056, the Court held that property ineffectually appointed passed by a general residuary clause and said (page 66) : ". . . every testator is presumed to know that unless he, in some way, speaks by his will to the contrary, property ineffectually disposed of for any reason will fall into his residuary estate and pass by the residuary clause of the will. Indeed, to prevent intestacy, he is presumed to intend that it shall so pass. . . .

"I am also unable to agree with the argument that a clearly expressed intention that the property should go to some one other than his wife shows an expressed intention that it should not pass to her under his residuary clause. Such an intention can have no greater weight than the clearly expressed intention of a testator that a void bequest or devise shall go to some one other than his residuary legatee. But, as we have seen, such a void bequest or devise will pass to the residuary legatee to effectuate what the law deems testator's controlling intention, . . .".

The same line of reasoning which appellants employ in this case with respect to a void appointment would apply equally as well to a void or lapsed bequest; yet in such a case it is clearly settled that a lapsed or void legacy does not show "a contrary intention," but indisputably becomes a part of the residuary estate and passes under the residuary clause in the will: *Carothers's Estate*, 300 Pa. 185, 150 A. 585; *Wood's Estate*, 209 Pa. 16, 57 A. 1103; *Bricker's Estate*, 335 Pa. 300, 6 A. 2d 905; Wills Act of 1917, supra, §§6, 11, 15(c) ; Hunter, Pennsylvania Orphans' Court Commonplace Book, Vol. II, §19(h), p. 851.

Hunter thus states the law (p. 851) : "19(h). Residue includes all property not effectually disposed of.

Such estate as shall fail or be void by reason of the death of the devisee or legatee in the lifetime of the testator, or by reason of such devise or bequest being contrary to law or otherwise incapable of taking effect, or which shall be revoked by the testator, shall be included in the residuary devise or bequest: Wills Act of 1917, P.L. 403, § 15(c), 20 PS 253. A residuary gift carries with it, and is presumed to have been so intended, not only all the estate which remains not specifically disposed of at the time the will is executed, but all that, for any reason, which is illy disposed of, or fails as to the legatees originally intended: Wood's Est., 209 Pa. 16."

Moreover, section 6 of the Wills Act presents an additional insuperable barrier. It provides, as we have seen, that an improperly attested gift to a charity "shall be void and go to the residuary legatee." How then can it be successfully contended that such a void charitable gift shall go to anyone other than to the residuary legatee, where there is no alternative specific testamentary gift, but on the contrary, a gift thereof to the wife in and by the residuary clause?

We therefore hold that a general residuary clause exercises a general power of appointment which had been specifically but ineffectually exercised in a prior provision of the will; and that this prior ineffectual exercise is not sufficient to show a contrary intention within the meaning of section 11.

Judgment affirmed. Costs to be paid by appellants.